

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00311-CR

JAMARCUS WINN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-433,535, Honorable Jim Bob Darnell, Presiding

January 27, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant was charged by indictment with two counts of aggravated robbery of a Lubbock pizza restaurant.[1] Each count alleged a separate victim and the State reserved count one and proceeded to trial on count two. Before the jury, appellant made an open plea of guilty to count two. The jury assessed punishment at twenty-five years' imprisonment. Through a single issue, appellant asserts the trial court committed reversible error by overruling his relevance objection and allowing the teenage victim's

---

[1] TEX. PENAL CODE ANN. § 29.03(a) (West 2011).

mother to testify that on the night of the robbery she was in Dallas obtaining medical treatment for her daughter who experiences seizures. We will affirm.

Background

Because of the narrow nature of appellant's issue we will discuss only those facts germane to its disposition. S.S. was a sixteen-year-old employee of the restaurant. Shortly before closing, he carried a stack of boxes to a recycling bin behind the building. He left the exit door ajar.

As S.S. approached the door after depositing the boxes he heard someone running up behind him. Appellant pushed S.S. against a wall while holding a gun to his head. Another person accompanied appellant. The two perpetrators entered the restaurant with S.S. Appellant demanded money, threatening to shoot employees if they failed to cooperate. At one point appellant began a countdown to shoot S.S. He said, "Get me the . . . money. Three, do you care about this person? Two, I'm going to shoot." When another employee then handed appellant the cash register drawer, the robbers fled the business through the back door. According to S.S., during the robbery he feared for his life. A detective who talked with employees at the scene remembered S.S. "was terrified."

The State also called S.S.'s mother. During her brief testimony the following colloquy occurred:

Q. Okay. Where were you on [the date of the robbery]?

A. I was actually in Dallas with my other child. She has seizures and we were in Dallas.

[Defense Counsel]: Objection, relevance, your Honor.
THE COURT: Overruled.

Q.     [The Prosecutor]: You were in Dallas with your daughter for a seizure—

A.     Medical.

Q.     I'm sorry.  Go ahead.

A.     Medical issues.

Q.     For seizures?

A.     Yes, ma'am.

Q.     Is she a child that you have to take care of?

A.     Yes, ma'am.

Q.     Okay. Did your husband originally not tell you what happened Thursday night, but then eventually did tell you?

A.     Yes, ma'am.

Q.     Okay. Did you have to be there for those medical procedures that week?

A.     Yes, ma'am.

Q.     Okay.  Was the concern if he told you that night you'd come home—

A.     Yes.

Q.     —and not do what you needed to do for your daughter?

A.     Yes, ma'am.

Analysis

Appellant argues the trial court reversibly erred by overruling his relevance objection to the mother's testimony of being in Dallas with her daughter who has seizures. The State argues appellant did not preserve his relevance objection to the mother's mention of a daughter with seizures because the mother thereafter again mentioned seizures, without objection.

Preserving error for appellate review requires a party to make a timely and specific request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. TEX. R. APP. P. 33.1(a)(1). An objection must be made each time the potentially inadmissible evidence is offered unless a party obtains a running objection or requests a hearing outside the presence of the jury. *Haley v. State,* 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005); *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). We agree appellant did not preserve his relevance complaint for appellate review because he did not obtain a running objection to or subsequently object to the mother's further testimony concerning her daughter's seizures. *See Hopkins v. State,* No. 02-13-00071-CR, 2014 Tex. App. LEXIS 10722, at *10-11 (Tex. App.—Fort Worth Sept. 25, 2014, pet. refused) (per curiam, mem. op., not designated for publication) (finding complaint of admission of hearsay waived because defendant did not object each time the State offered the objectionable evidence).

We overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

4